**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. NEALY,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation; RICHARD M. JOHNSON; JULIE BOWERS; J BARRERAS; STOBIE, First Name Unknown; RONALD EVANS; STACI IBARRA; ORIN ROMNEY; BERGER, First Name Unknown; D. ROWE; BROWN, First Name Unknown; CONDREY, First Name Unknown; PARKS, First Name Unknown; CYNTHIA M. NEGRON; CHACONE, First Name Unknown; GENE THORNE, 3211; K. HORTEN; WARREN, First Name Unknown, 4881; BANGHART, First Name Unknown, 2618; GOLDTOOTH, First Name Unknown, 5297; VELASCO, First Name Unknown; PAYNE, First Name Unknown; BREA R. LAWSON; VON MARSCHIK; ASHLEY BARDWELL; JEFFREY MCGEE,<br><br>      Defendants - Appellees. | No. 25-78<br><br>D.C. No. 2:24-cv-00448-DLR--JFM<br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Charles E. Nealy appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from the opening of his legal mail outside his presence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Nealy's access-to-courts claim because Nealy failed to allege facts sufficient to show actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim).

The district court construed Nealy's legal mail claim as a Sixth Amendment claim and dismissed it because Nealy failed to allege facts sufficient to show that his communication with his counsel was chilled. However, in the operative

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

complaint Nealy alleged that his First Amendment rights were violated when prison staff opened his properly marked legal mail outside of his presence, altered its contents, viewed and made copies of confidential documents, and removed the mail's return address and legal mail labels. Nealy further alleged that these actions interfered with his ability to challenge his sentence or conditions of confinement, impeded his confidential consultation with counsel, and caused him to lose trust in the defendants. Liberally construed, these allegations are "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) (explaining that plaintiff was not required "to show any actual injury beyond the free speech violation itself to state a [First Amendment legal mail] claim" (citation and internal quotation marks omitted)).

We reverse the district court's judgment in part and remand for further proceedings on the First Amendment legal mail claim only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**